UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLACE EDWARDS,

    Plaintiff,

                                    Case No. 12-cv-15204
                                    HONORABLE GERSHWIN A. DRAIN

v.

J.P. MORGAN CHASE BANK, N.A., *et al.*

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (#5)

### I. INTRODUCTION

The instant matter was removed from Oakland County Circuit Court by Defendants, where a complaint was filed by Plaintiff, Wallace Edwards, seeking to challenge the pending foreclosure of a mortgage that encumbered property located at 6767 W. Nashway, West Bloomfield, Michigan (the "Property"). Plaintiff brings two claims: injunctive relief , count I and fraudulent and/or negligent misrepresentation, count II.

Presently before the court is Defendants' Motion to Dismiss. The matter is fully briefed.  Accordingly, pursuant to E.D. Mich. L.R. 7.1(f)(2), Defendant's Motion to Dismiss will be resolved on the briefs.  For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

## II. FACTUAL BACKGROUND

On December 6, 2002, Plaintiff, Wallace Edwards, executed a note and mortgage in the amount of $291,300.00 that secured real property located at 6767 W. Nashway, West Bloomfield, Michigan. The mortgage was duly recorded on February 12, 2003, in Liber 27949, Pages 511-525 of the Oakland County Register of Deeds. Mortgage Electronic Registration Systems, Inc. ("MERS") is designated as the mortgagee and nominee for lender and lender's successors and assigns. On or about February 16, 2012, the mortgage and its corresponding rights and obligations were subsequently assigned from MERS to J.P. Morgan Chase Bank, N.A. ("Chase") via an assignment. *See* Notice of Removal, Dkt. No. 1, Ex. 7.

In April of 2012, Plaintiff filed a Chapter 7 Petition for Bankruptcy. On April 9, 2012, Chase sent a letter to Plaintiff regarding his eligibility for a loan modification. Subsequently, Plaintiff entered into a trial-period payment plan from May through October, where Plaintiff made timely payments as agreed between the parties. On October 3, 2012, Chase sent a letter to Plaintiff stating that he was eligible for a permanent loan modification ("Modification Agreement").

Plaintiff was required to return the executed Modification Agreement by October 18, 2012. Plaintiff states that he did not sign the Modification Agreement because the terms of the agreement had changed from what the parties had previously agreed upon. Because Plaintiff and Chase could not agree upon the loan modification, Chase scheduled a foreclosure sale for November 6, 2012.

On October 31, 2012, Plaintiff brought the instant action in Oakland County Circuit Court in an attempt to enjoin Defendants from commencing with the foreclosure. On November 27, 2012, Defendants timely removed the matter to this Court.

### III. LAW AND ANALYSIS

#### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable

to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 679.

### B. MOTION TO DISMISS

#### 1. Injunctive Relief

Defendants argue that a claim for injunctive relief must be dismissed because injunctive relief is a remedy, not a cause of action. Defendants are correct. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663 (2008); *See also Tann v. Chase Home Fin., L.L.C.*, Case No.10-14696, 2011 U.S. Dist. LEXIS 96026, 2011 WL 3799841, *10 (E.D. Mich. Aug. 26, 2011) ( "[P]laintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitable remedy.")

Even if Plaintiff's claim for injunctive relief was brought as a proper claim, it would still be denied as a matter of law. Injunctive relief is an extraordinary remedy that is granted only when "(1) justice requires it, (2) there is no adequate remedy at law, and (3) there exists a real and imminent danger of irreparable injury." *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 110 (1999). Injunctive relief requires the Court to consider:

(1) whether the movant has show a strong likelihood of

> success on the merits;
> (2) whether the movant will suffer irreparable harm if the injunction is not issued;
> (3) whether the issuance of the injunction would cause substantial harm to others; and
> (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Here, Plaintiff has not shown a likelihood of success on the merits because Plaintiff has not provided facts that show he has redeemed the property from foreclosure or that he has resolved the outstanding monies due on the mortgage. Nor does Plaintiff present any facts showing how he will suffer irreparable harm. Plaintiff simply makes a conclusory statement that irreparable harm will occur if the injunction is not granted.

If the Court issues the injunction, it is arguable that Defendant would suffer substantial harm because it will continue to hold the mortgage on the subject property without receiving any payments. As for the last element, the Court is not convinced that issuing an injunction is in the public interest. However, in the balancing of the equities, the balance weighs in favor of denying the injunction. Thus, Plaintiff's claim would fail as a matter of law. Plaintiff has failed to raise an actionable claim, and Count I is dismissed.

### 2. Fraudulent and/or Negligent Misrepresentation

Plaintiff argues that "[Chase] intentionally and repeatedly made false representations of material facts to Plaintiff regarding its commitment to go forward with a load modification. . . ." *See* Notice of Removal, Dkt. No. 1-2, pg. 6. Contrarily, Defendant contends that "Plaintiff merely pleads the elements of misrepresentation, without explaining what

Defendant's misrepresentations were, how the representations were false, and how Chase knew the representations were false." See Def.'s Mot., Dkt. No. 5, pg. 20. The Court agrees.

In order to establish a claim for fraudulent or negligent misrepresentation, Plaintiff must demonstrate: (1) that the Defendant made a material representation, (2) that was false, (3) that Defendant knew was false, or that was made recklessly, without any knowledge of its truth, (4) that Defendant made it with the intention that Plaintiff would act upon it, and (5) the Plaintiff acted in reliance upon it, and (6) suffered damages. *See Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336 (1976).

Contrary to Plaintiff's assertions that Chase somehow made false assertions regarding its commitment to move forward with a loan modification, Plaintiff admits that Chase presented him with a loan modification on October 3, 2012. Plaintiff, however, disagreed with the terms and refused to sign the agreement. Therefore, Plaintiff's contention that Chase was not committed to move forward with a loan modification is disingenuous.

Furthermore, Plaintiff's assertions do not rise to the particularity needed to sustain a claim of negligent misrepresentation. *See* FED. R. CIV. P. 9. Chase provided Plaintiff with a loan modification that Plaintiff refused to sign. Plaintiff's allegations contain mere legal conclusions, and lacks facts to demonstrate any fraudulent or negligent misrepresentation. Nor does his pleading contain any factual allegations concerning the who, when, or any specific detail surrounding the allegedly fraudulent or misleading representations. *See* FED. R. CIV. P. 9(b) ("[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")

Because Plaintiff has presented no facts proving that Defendant made fraudulent or negligent misrepresentations regarding the loan modification or its commitment to move forward with the loan modification, this claim must fail as a matter of law.

Moreover, even if Plaintiff could maintain an action of fraudulent or negligent misrepresentation, the claim would still fail as a matter of law because of the Statute of Frauds. Under the Statute of Frauds:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institutions unless the promise or commitment is in writing and signed with an authorized signature by the financial institution.
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

M.C.L. § 566.132(2).

The Statute of Frauds "plainly states that a party is precluded from bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise. . . ." *Crown Tech. Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550 (2000). Here, Chase is a financial institution defined by M.C.L. § 566.132(3) as "a state or national chartered bank, a state or federal chartered bank or savings and loan association . . . or an affiliate or subsidiary thereof." Therefore, any proposed oral promise that Plaintiff alleges Chase made – that was not reduced to a signed writing – would fail as a matter of law.

Thus, all of Plaintiff's claim are subject to dismissal under Rule 12(b)(6).

Accordingly Defendants' Motion to Dismiss [#5] is GRANTED.

SO ORDERED.

Dated: April 16, 2013 /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Judge